**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6732**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KEITH L. HOPKINS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (3:95-cr-00073-JRS-3)

Submitted:  August 27, 2012        Decided:  September 11, 2012

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Keith L. Hopkins, Appellant Pro Se.  Richard Daniel Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith L. Hopkins appeals the district court's order denying his motion for reduction of sentence, 18 U.S.C. § 3582(c)(2) (2006). In his motion, Hopkins sought the benefit of Amendment 750 of the Sentencing Guidelines, which reduced the offense levels applicable to most offenses involving crack cocaine. We affirm.

Hopkins was held responsible for a quantity of cocaine base and heroin with a marijuana equivalency of 2407 kilograms, for a base offense level of 32. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (1995). Two levels were added for each of the following: firearm possession, role in the offense, and obstruction of justice. His total offense level was 38. Hopkins had seventeen criminal history points, placing him in criminal history category VI. His Guidelines range was 360 months-life.

Hopkins qualified as a career offender. Because the statutory maximum for the offense was life in prison, see 21 U.S.C. § 841(b)(1)(A), his offense level as a career offender was 37. See U.S.S.G. § 4B1.1(b)(1). His criminal history category as a career offender was VI, and his corresponding Guidelines range was 360 months-life. Because his offense level under the Drug Quantity Table was greater than that calculated

2

under § 4B1.1, he was originally sentenced under the Drug Quantity Table—not as a career offender. See § 4B1.1(b).

Hopkins previously filed a § 3582(c)(2) motion, seeking the benefit of Amendment 706 of the Guidelines. The district court denied relief, and we affirmed. We observed that, under Amendment 706, it was Hopkins' status as a career offender that governed the determination of his Guidelines range. Because his Guidelines range as a career offender was 360 months-life, Amendment 706 did not have the effect of lowering his Guidelines range, and he was not entitled to relief. United States v. Hopkins, 323 F. App'x 218 (4th Cir. 2009).

Under Amendment 750, which reduced the marijuana equivalency for cocaine base, Hopkins is responsible for a marijuana equivalency of about 797 kilograms, for a base offense level of 30. See U.S.S.G. § 2D1.1(c)(5). His total offense level is 36, with a Guidelines range of 324-405 months. However, Hopkins' career offender status now governs the determination of his Guidelines range, so his Guidelines range is still 360 months-life. Because the Amendment did not have the effect of lowering Hopkins' Guidelines range, the district court did not err in denying relief. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B), p.s.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED